ERVIN, Justice
(dissenting) :
*785 The single one time only intangible tax imposed on agreements for deed is not in my opinion payable only if such agreements are presented for recordation. It is true Section 1, Article IX of the State Constitution provides said tax shall be payable at the time such agreements are presented for recordation. But this requirement is an enforcement measure to insure that the tax will be collected in any event in case the agreement is presented for recordation. It is not a stipulation that only agreements for deed that will be recorded are subject to the tax.
We have held in State ex rel. Henry G. Du Pree Co. v. Gay, 46 So.2d 165, that there is an alternative requirement that the tax be paid not only when such an agreement is presented for recordation but also when it is sought to he enforced in our courts.
The Legislature, recognizing that it is discrimination if the tax on such agreement obligations is deemed payable only if the agreements are presented for recordation, has provided that the
“ * * * tax shall be due and payable when mortgage, deed of trust or other lien is executed and shall be paid to the county tax collector before the mortgage, deed of trust or other lien securing such indebtedness is presented for recordation.” See F.S. § 199.11(3), F.S.A.
I think we should follow this statutory construction and directive and hold that the impact of the single tax is on all such executed agreements for deed and that no one may escape the tax merely because he never presents a particular agreement for recordation. To recapitulate: the constitutional language provides a means for enforcing the tax and requires that in any event it must he paid when an agreement is presented for recordation. It was not intended to discriminate between such agreement obligations in respect to the impact of the tax on the arbitrary basis of whether or not they were ever presented for recordation.